**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-10656
Summary Calendar

KENNETH W CLARY; CAROLYN J CLARY,

Plaintiffs-Appellants,

VERSUS

JIM BROWNFIELD; GLENN HIXSON; VEDA HARBISON,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth

(4:99-CV-535-Y)

January 24, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Kenneth W. Clary and Carolyn J. Clary appeal the
Federal Rule of Civil Procedure 12(b)(6) dismissal of their claim
that defendant failed to accurately maintain Kenneth Clary's
employment records and caused him to be denied a promotion, as well
as their claims for slander and defamation. The district court
concluded that it lacked subject matter jurisdiction over

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Plaintiffs' claims, which are preempted by the Civil Service Reform Act of 1978, Pub.L.No. 95-454, 92 Stat. 111 (codified as amended in Title 5, United States Code)("CSRA"). On appeal, Plaintiffs contend that the district court abused its discretion in failing to remand the case to state court, in denying leave to amend the complaint and in dismissing the case before they conducted discovery.

Plaintiffs' claims arose from Kenneth Clary's employment with the Federal Aviation Administration. Because all of his claims were preempted by the CSRA, the district court did not abuse its discretion in dismissing the case rather than remanding it to state court. *Bush v. Lucas*, 462 U.S. 367, 368 (1983).

Clary was allowed to file a more definite statement and to respond to defendants' motion to dismiss, but still failed to state a cognizable claim. The district court did not abuse its discretion in denying yet another leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Finally, we find no abuse of discretion granting a motion to dismiss prior to discovery. Plaintiffs' claims were dismissed for failure to state a claim, not for insufficient development of facts.

For the foregoing reasons, the district court's order of dismissal is AFFIRMED.